IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| BRUCE MUNRO, | |
| Plaintiff-Appellant, | |
| v. | No. 24-5136 |
| U.S. COPYRIGHT OFFICE, et al., | |
| Defendants-Appellees. | |

## APPELLEES' RESPONSE TO APPELLANT'S MOTION FOR SUMMARY VACATUR AND REMAND

A party seeking summary disposition bears the "heavy burden," *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987), of demonstrating that "the merits of his claim so clearly warrant relief as to justify expedited action," *United States v. Allen*, 408 F.2d 1287, 1288 (D.C. Cir. 1969). As explained below, plaintiff has failed to establish any error in the district court's decision and has certainly not satisfied the standard for summary vacatur and remand.

Plaintiff's motion asserts that the district court's decision should be vacated and remanded in light of two recent Supreme Court decisions, *Securities and Exchange Commission v. Jarkesy*, 144 S. Ct. 2117 (2024), and *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024). To the extent his arguments

based on these decisions are not forfeited, plaintiff may, of course, rely on these cases in his briefs in this case, and the Court can consider them in due course. But neither controls here, and at an absolute minimum neither so plainly controls as to warrant summary disposition.

Accordingly, the motion should be denied, and this case should be set for briefing in the normal course.

## STATEMENT

**A.** This case concerns an application filed by plaintiff with the Copyright Office seeking registration of a copyright claim in a three-dimensional sculpture he completed in 2012, "consist[ing] of a clear glass orb sitting above a spike-ended transparent acrylic tubular stem, with a fiber optic light running through the stem and into the glass orb." Dkt. 37 at 2. The Copyright Office determined that the sculpture lacked the necessary level of creativity to warrant copyright protection and refused registration. It recognized that only a "more than *de minimis* quantum of creativity" was required for copyright. Dkt. 35 at 56 (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 363 (1991)). But it concluded that plaintiff's sculpture failed to satisfy that standard, where plaintiff conceded that the individual design elements were not protected because they are simple geometric shapes and the agency determined that the selection and arrangement of these elements was not sufficiently creative to render the sculpture original. *Id.* at 58.

**B.**  Plaintiff subsequently filed suit seeking an order reversing the refusal of his application and compelling the Copyright Office to register his sculpture.  Dkt. 37 at 4.  He argued that the Copyright Office's decision was arbitrary and capricious, an abuse of discretion, and inconsistent with the Copyright Act because the combination of elements in his sculpture satisfied "the 'extremely low' creativity threshold" required to establish copyright protection.  Pl.'s Br. in Supp. of Pl.'s Mot. for Summ. J. at 13 (Dkt. 29-1) (quoting *Feist*, 499 U.S. at 345). Plaintiff did not raise any challenge to the agency's consideration of his application under the Seventh Amendment or Article III of the U.S. Constitution.

On cross-motions for summary judgment, the district court rejected plaintiff's challenge to the Copyright Office's decision.  In doing so, it reviewed the agency's action "'under a deferential, "abuse of discretion" standard'" drawn from this Court's decision in *OddzOn Products, Inc. v. Oman*, 924 F.2d 346 (D.C. Cir. 1991).  Dkt. 37 at 5 (quoting *OddzOn*, 924 F.2d at 348).  It grounded this standard of review not in deference to the agency's interpretation of the Copyright Act but rather in the fact that, "regardless of any formal registration from the Copyright Office, a copyright applicant 'can gain full judicial review of copyrightability in an infringement action."  *Id.* (quoting *Atari Games Corp. v. Oman* (*Atari I*), 888 F.2d 878, 887 (D.C. Cir. 1989) (Silberman, J., concurring)). And the court concluded that this standard applied notwithstanding plaintiff's

argument that the Copyright Office had deviated from the applicable legal standard required by the Copyright Act, where the underlying claim was still that the agency had "reached the wrong result, not that it applied the wrong legal standard or misapprehended or ignored the controlling legal principles." *Id.* at 5 n.2 (quoting *Darden v. Peters*, 488 F.3d 277, 284 (4th Cir. 2007)). It held that the Copyright Office did not abuse its discretion in concluding that plaintiff's sculpture did not display the minimal creativity required for copyright registration, rejecting various objections plaintiff raised to the agency's analysis. Dkt. 37 at 7-15.

## ARGUMENT

The district court resolved this case by assessing the Copyright Office's determination, on the facts of this case, that plaintiff's work did not display the minimal creativity required for copyright registration. Plaintiff now seeks summary vacatur not on the ground that there is any new precedent regarding copyright law, but rather because of two Supreme Court cases involving administrative law more generally. Neither case is particularly relevant here, but at a minimum neither warrants summary reversal. Rather, plaintiff has not raised any Seventh Amendment claim—as would be required to invoke the Supreme Court's decision in *Securities and Exchange Commission v. Jarkesy*, 144 S. Ct. 2117 (2024)—and presents no argument that the Copyright Office has adopted an incorrect interpretation of an ambiguous statute—as would be required to rely on

*Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024).  Plaintiff fails to identify any error in the district court's decision, much less one that might merit the summary relief he seeks.

**A.**  Plaintiff argues that this case should be summarily remanded to the district court because, in his view, the Supreme Court's decision in *Jarkesy* indicates that the 1976 Copyright Act is "at minimum constitutionally suspect." Mot. 19.  Plaintiff urges, in particular, that the Copyright Act's direction to the Copyright Office to consider whether material submitted for copyright registration "constitutes copyrightable subject matter" in determining whether to register the claim, 17 U.S.C. § 410(a), violates his Seventh Amendment right to a jury trial. *See* Mot. 18-20.  Plaintiff did not raise any Seventh Amendment challenge to the agency's consideration of his application for copyright registration or the Copyright Act more broadly in the district court, and therefore no such challenge is properly before this Court.  *See, e.g.*, *Manitoba v. Bernhardt*, 923 F.3d 173, 179 (D.C. Cir. 2019).  There is no basis for reversing the district court's judgment based on an argument that was not previously raised, much less for doing so summarily without full briefing.

In any event, plaintiff's newfound argument is incorrect on the merits. Nothing in the Supreme Court's decision in *Jarkesy* suggests that the fact that a proceeding involves a question that could also be considered in the context of a

suit to which the Seventh Amendment jury trial right extends renders that proceeding subject to the Seventh Amendment. Rather, the relevant analysis turns on the claim that a plaintiff brings, and in particular whether "the claim is 'legal in nature,'" which depends on "the cause of action and the remedy it provides." *Jarkesy*, 144 S. Ct. at 2128-29. Plaintiff provides no basis to think his effort to have the Copyright Office register his copyright claim represents a legal claim to which the Seventh Amendment extends.

**B.** In *Loper Bright*, the Supreme Court overruled its decision in *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), which held that silence or ambiguity in a statute should be regarded as an implicit delegation of authority to an agency to resolve the interpretive question. *See Loper Bright*, 144 S. Ct. at 2264. At the same time, *Loper Bright* reaffirmed that, "[w]hen the best reading of a statute is that it delegates discretionary authority to an agency, the role of the reviewing court" is "to independently interpret the statute and effectuate the will of Congress subject to constitutional limits." *Id.* at 2263.

This case, too, has no evident relevance here. In rejecting plaintiff's challenge to the Copyright Office's refusal to register his copyright claim, the district court did not resolve any statutory ambiguity by deferring to the interpretation set forth by the Copyright Office. Instead, the district court applied the Administrative Procedure Act's arbitrary-and-capricious standard of review to

the Copyright Office's application of the settled standard for copyright protection set out in the Copyright Act (as interpreted by the Supreme Court) to the facts of this case. The court's deferential review in this regard reflects the "due respect" accorded by this Court to "decisions made by the Copyright Office pursuant to authority vested in the Register by Congress." *Atari I*, 888 F.2d at 881; *see also* 17 U.S.C. § 410(a)-(b) (providing for the Register of Copyright to examine material deposited for copyright registration and register or refuse registration of the claim); *Atari Games Corp. v. Oman*, 979 F.2d 242, 243 (D.C. Cir. 1992) (recognizing standard is drawn from 5 U.S.C. § 706(2)(A)). And, as the district court recognized, the standard additionally reflects the fact that, in determining whether to register a particular work, "the Copyright Office's imprimatur is worth only a rebuttable presumption as to copyrightability in an infringement action." *Atari I*, 888 F.2d at 887 (Silberman, J., concurring). Because an applicant "can gain full judicial review of copyrightability in an infringement action, the costs of forcing too fine an analysis and too extensive an explanation of a denial of registration are not worth the benefits—particularly when reviewing a question which has unavoidably subjective aspects such as how much creativity is sufficient to force the Copyright Office to register a proffered work." *Id.* (footnote omitted); *see also OddzOn*, 924 F.2d at 348 (citing Judge Silberman's concurring opinion in *Atari I*).

The application of a settled legal standard to facts does not implicate *Loper Bright*. As the Fourth Circuit held in rejecting a similar argument, a claim like the one at issue here is a "claim[] that the Register simply reached the wrong result, not that the Register applied the wrong legal standard or misapprehended or ignored the controlling legal principles." *Darden*, 488 F.3d at 284.

**C.** As noted, to the extent they are not forfeited, plaintiff remains free to raise these issues in plenary briefing, and the Court can consider the relevant standard of review on de novo review of the district court's grant of summary judgment. But summary disposition of this appeal is not warranted.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary relief should be denied, and this case should proceed to merits briefing.

Respectfully submitted,

DANIEL TENNY
(202) 514-1838

 /s/ *Leif Overvold*
LEIF OVERVOLD
(202) 532-4631
   Attorneys, Appellate Staff
   Civil Division
   U.S. Department of Justice
   950 Pennsylvania Ave., N.W.
   Room 7226
   Washington, D.C.  20530

OCTOBER 2024

**CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g), I hereby certify this opposition complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Times New Roman, a proportionally spaced font, and that it complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A), because it contains 1,705 words, according to the count of Microsoft Word.

/s/ *Leif Overvold*
LEIF OVERVOLD