# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

**BRUCE MUNRO,**
Plaintiff-Appellant

v.

**U.S. COPYRIGHT OFFICE AND
REGISTER OF COPYRIGHTS,**
Defendant-Appellees

On Appeal from the United States District Court
for the District of Columbia
District Court Case No. 1:22-cv-02909-TJK

**Reply on Appellant Munro's Motion in View of Intervening
Supreme Court Precedent to Vacate or Set Aside the District
Court's Order and Opinion and Remand the Case for Reconsideration**

CARL F. SCHWENKER
**LAW OFFICE OF CARL F.
SCHWENKER**
3807 Duval Street, Suite E
Austin, TX 78751
512.480.8427 – Telephone
cfslaw@swbell.net

JOEL B. ROTHMAN
**SRIPLAW**
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
joel.rothman@sriplaw.com

*Counsel for Appellant*

**Reply on Appellant Munro's Motion in View of Intervening
Supreme Court Precedent to Vacate or Set Aside the District
Court's Order and Opinion and Remand the Case for Reconsideration**

Nothing in USCO Appellees' response brief (Doc #2078076, "Response") warrants deviation from the vacate-and-remand practice appellate courts typically apply when, as here, the Supreme Court issues intervening precedent that may bear on a pending appeal. *See Utah v. Su*, 109 F.4th 313, 319 n.10 (5th Cir. 2024).[1]

**DISCUSSION**

I.  Introduction

This case has exposed the USCO's effort to cling to bureaucratic power that Supreme Court precedent now says it lacks.

Under *Loper Bright* and *Jarkesy* the USCO lacks authority to interpret the term "original" in Copyright Act § 102(a) or the right to decide copyright originality disputes without an Article III proceeding. Motion (discussing separation-of-powers, Seventh Amendment, and APA impediments to agency overreach under *Loper Bright* and *Jarkesy*). The USCO decision refusing to register Munro's sculpture on originality grounds reflects agency overreach and a deferential judicial review thereof that *Loper Bright* and *Jarkesy* eschew. A vacate-and-remand order should issue to permit district court reconsideration of the case

---

[1] This brief adopts the abbreviations used in Appellant Munro's Motion.

in view of these landmark opinions.

The USCO opposed Munro's Motion on two grounds, but neither are sound. It contends that neither precedent is relevant to nor controls the instant case, Response at 4, an absurd stance since all three cases address "agency" action. And it wrongly claims that arguments based on such precedents were not appropriately raised and therefore are waived for Motion purposes. *Id.* at 4-5. Neither position prevails.

## II. The USCO Response Inflates the Burden for a Vacate-and-Remand Order Triggered by Intervening Supreme Court Precedent

The USCO incorrectly says Munro bears a "heavy burden" to justify remand. Response at 1 (citing *Taxpayers Watchdog*, 819 F.2d at 297 and *Allen*, 408 F.2d at 1288). That is not so. *Taxpayers Watchdog* and *Allen* are not persuasive. Neither concern steps in an appeal following issuance of potentially pertinent intervening Supreme Court precedent. Plus, both were decided on pre-existing, not intervening, case law. *Taxpayers Watchdog*, at 298 (addressing summary affirmance of lower court's decision); *Allen*, at 1288-90 (seeking criminal appeal's summary merits disposition).

To the contrary, vacatur-and-remand is a "modest and relatively uncontroversial practice [that] is a basic feature of our judicial hierarchy" when intervening Supreme Court precedent may impact a federal appeal, *Su*, 109 F.4th at 319 (collecting cases). It permits the district court, rather than an appellate court of

3

review, to first consider intervening precedent's impact. *Id.*[2] The Supreme Court and multiple circuit courts have issued vacate-and-remand orders in view of *Loper Bright* already. *See id.*; *Allen v. United States*, No. 24-1117, __ F.4th __ (Fed. Cir. Aug. 30, 2024); 603 U.S. __ at www.supremecourt.gov/orders/courtorders/070224zor_2co3.pdf (Jul, 2, 2024) (announcing nine summary *Loper Bright* GVR orders).[3] The USCO would reject this "uncontroversial" practice in favor the intervening precedents going directly to this Court in the first instance in merits briefing. Response at 8.

### III. The USCO Forfeiture Argument Fails as Waiver is Inapplicable to the Circumstance of Intervening Supreme Court Precedent

Though "changes in precedent generally apply to cases pending on appeal," *Su*, 109 F.4th at 319-20, the Response contends Munro previously waived, and thereby forfeited for Motion purposes, arguments premised on *Loper Bright* and *Jarkesy*. Response at 4-6.

---

[2] Other intervening developments often warrant vacatur and remand, too. *Kling v. Herbert*, __ F.4th __, No. 21-30658 (5th Cir. Oct. 30, 2024) (changed law).

[3] The Supreme Court's grant, vacate, and remand (GVR) order is a longstanding analogous practice "[w]here intervening developments … reveal a reasonable probability that the decision below rests upon a premise that the lower court would reject if given the opportunity for further consideration" and reconsideration may determine the litigation. *Lawrence v. Chater*, 516 U.S. 163, 167 (1996); *Henry v. City of Rock Hill,* 376 U.S. 776, 776-77 (1964) (GVR appropriate if the intervening decision is "sufficiently analogous and, perhaps, decisive").

*Manitoba v. Bernhardt*, the case USCO cited, does not address intervening precedent. 923 F.3d 173. Cases that do, however, hold the opposite. *United States v. Stines*, 313 F.3d 912, 917-18 (6th Cir. 2002) (when waiver predates relevant, intervening precedent, a court may review a purportedly waived issue because "[i]t would have been impossible for the [party] to have intentionally relinquished or abandoned" a right not recognized at the time). "[T]he law does not require parties to engage in futile acts" like preemptively "seeking relief for which [it] became newly eligible while on appeal based on an intervening change in law." *Gonzalez-Lara v. Garland*, 104 F.4th 1109, 1116 (9th Cir. 2024). Thus,

> where the Supreme Court decides a relevant case while litigation is pending, "[t]he [party's] omission of an argument based on the Supreme Court's reasoning does not amount to a waiver …." [W]aiver "is a flexible doctrine … [and] does not stand in the way" "when all the [party] asks for is a remand to permit [ ] consider[ation of] an intervening decision … [that] couldn't have [been] considered earlier."

*Old Ben Coal Co. v. Director, OWCP*, 62 F.3d 1003, 1007 (7th Cir. 1995) (citations omitted). The USCO's waiver assertion legally fails and does not impede summary vacatur and remand as warranted here.

### IV. Vacatur and Remand is Warranted for *Loper Bright*

USCO arguments against a vacatur and remand based on *Looper Bright* do not prevail or merit Motion denial.

#### a. *Loper Bright* has Broader Implications than USCO Admits.

In June the Supreme Court dismantled the longstanding *Chevron* doctrine

5

concepts on judicial deference to agency interpretations of the law on judicial review of agency decisions, ruling such interpretations are the purview of the judiciary. *Loper Bright Enterprises v. Raimondo*, 603 U.S. __, 144 S.Ct. 2244, 2024 U.S. LEXIS 2882 (June 28, 2024).

The Response views *Loper Bright* myopically, constraining it to cases of deferential judicial review of an agency's interpretation of ambiguities in a statute. Response at 4, 6. It then denies that agency statutory (mis)interpretations or judicial deference thereto is at issue. *Id*. at 4, 6-7.

*Loper Bright* is not so limited. It reaches "agency interpretation(s) of the law," whether that "law" is expressed in statutes, the Constitution, or judicial opinions. *Loper Bright*, 144 S.Ct. 2244, 2273.[4] "Under the APA, it thus 'remains the responsibility of the court to decide whether the law means what the agency says.'" *Id.* at 2261 (citation omitted).

### b. *Loper Bright* May Be Case-Determinative Given the Deferential Review of USCO Interpretive Gap-filling Efforts Aimed at § 102(a)'s Ambiguous "Originality" Standard

Munro consistently complained of the USCO impermissibly "ratcheting up" in various ways the legal standard for originality under 17 U.S.C. § 102(a), and on

---

[4] The APA "makes clear that agency interpretations of statutes—like agency interpretations of the Constitution—are not entitled to deference," and "courts need not and under the APA may not defer to an agency interpretation of the law simply because a statute is ambiguous." 144 S.Ct. at 2261, 2273.

6

a heightened standard (which the district court deferred to) refusing to register Munro's sculpture. ECF 1 at ¶8(a); ECF 29-1 at 10-13, 15-16, 22-27; ECF 32 at 3, 6-7, 11-14; ECF 35 at US_31; Opinion at 1, 4-6, 10-11, 13-15.

Wary of *Loper Bright*'s reach, the USCO argues semantically that it did not interpret law or a statute, it merely "appli[ed] [ ] the settled standard for copyright protection … as interpreted by the Supreme Court" in *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 346 (1991). Response at 7. That is not so and no "settled standard" exists.

*Feist* instead clarified that "originality" as codified into § 102(a) has two constitutional components, "independent creation plus [ ] creativity"—a concept the Supreme Court did not affirmatively define that's as ambiguous as "originality." *Feist*, at 346. The "extremely low" quantum of "creativity" to sustain copyright is not unambiguous, either.[5] The § 102(a) ambiguities in the term "original" and its "creativity" sub-element, however, were not an invite for the USCO to fill gaps, interpret, or further refine the meaning of that statute or its constitutionally based criteria. *Loper Bright*, 144 S.Ct. 2244, 2266, 2269. Those tasks stay under the courts' purview. *Id*.

---

[5] *Feist*, at 345-46 (the threshold is "a modicum of," "at least some minimal degree of," or "a slight amount of" creativity or circularly described as "some creative spark, no matter how crude, humble or obvious it might be").

7

The USCO, though, engaged in prohibited standard setting, gap filling, and legal interpretation as to § 102(a)'s "originality" criteria, exemplified most blatantly throughout the USCO Compendium.[6] How the USCO determined for sculptures what aspects can contribute to originality—which neither § 102(a) nor *Feist* specifically address—is revealing. Various cases support[7] and Munro asserted that proportions, color, clarity, and material selection count and must be accounted for. ECF 35 at US_30-32; ECF 35 at US_32 at n.12 (arguing the USCO "afforded no consideration to either materials selection or the decorative artistic choices regarding clarity and transparency for features of the Work"); ECF 29-1 at 16, 24. But in § 310.9 of its Compendium the USCO made up a more restrictive standard, which its Review Board adopted to refuse Munro registration:

> Munro contends that part of the Work's purported creativity is the "mix of multiple different selected materials … of chosen clarity," Second Request at 5, but the material composition of a work generally does not have a bearing on the originality analysis. COMPENDIUM (THIRD) § 310.9.

---

[6] The USCO cannot plausibly refute that it engaged in legal interpretation. *See* COMPENDIUM at Introduction (The Compendium "explains the many [ ] legal interpretations of the U.S. Copyright Office [ ] on the registration of copyright claims[.]").

[7] *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199 (3d Cir. 2005) ("A sculptural work's creativity derives from the combination of texture, color, size, and shape, as well as the particular verse inscribed and the way the verse is presented"); *Games Workshop Ltd. v. Chapterhouse Studios, LLC*, 2012 WL 5949105, 10-C-8103, *11 (N.D. Ill. Nov. 27, 2012) (accounting for geometric shapes and a "distinctive color scheme").

8

ECF 35 at US_55. This policy-esque standard setting then received (but per *Loper Bright* was not entitled to) district court deference. Opinion at 9-11. The USCO also deviated from *Feist* with its late-stage comparative review of the sculpture against other objects. ECF_35 at 59 n.4 (comparing Munro's sculpture with five undepicted objects); ECF 29-1 at 16-22 ("the USCO impermissibly … compared the Work for [ ] creativity against five objects … dated nearly a decade after Munro's … Work). Such comparisons are not relevant to originality," *Vargas v. Pfizer, Inc.,* 418 F. Supp. 2d 369, 372 (S.D.N.Y. 2005) ("the presence of similar[ities] … in other works is irrelevant in assessing originality") since originality differs from novelty. *Feist,* 499 U.S. at 345-46 ("Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying."). The court deferred again to USCO refashioning of originality standards. Order at 12-15.

The USCO says it was properly afforded deferential review and "due respect" from the court under authority it received from Congress. Response at 7 (relying on *Atari I* and 17 U.S.C. § 410). Though § 410 empowers the USCO to assess if a work "constitutes copyrightable subject matter," *id*., it does not

authorize the USCO to adjust the statutory scope of copyright by adjusting § 102(a)'s originality criteria. *Id.*; *see Loper Bright*.[8]

Thus, *Loper Bright* is relevant, potentially dispositive, and merits vacatur and remand.

## V. *Jarkesy* also Warrants Vacatur and Remand

### a. The USCO Response Never Disputed the Motion's *Jarkesy* Separation-of-Powers Arguments

*Jarkesy* is decided on two constitutional grounds: separation-of-powers (rights to an Article III rather than an agency forum) and the Seventh Amendment (rights to trial by jury). *Securities and Exchange Comm'n v. Jarkesy*, 144 S. Ct. 2117 (June 27, 2024).

Like *Jarkesy*, the Motion rests on both grounds since Munro was not afforded a jury option, Article III federal court protections, or a neutral arbiter. *See* Motion. The Response contested the Seventh Amendment arguments but not the Motion's separation-of-powers arguments, which are unopposed. Response at 5-6.

---

[8] The USCO Response and the court's Opinion either directly or via citation to *OddzOn Products* rely on and adopt the review standard of *Atari I*'s concurrence, Response at 7; Opinion at 5, 15, which recognized that a reviewing court was "obliged to defer to [the] agency's [ ] interpretation[.]"*Atari I*, at 889. That, however, is the same review policy of mandatory deference to agency interpretations that *Loper Bright* eschews. *See supra*.

Thus, the Court can summarily grant the Motion, in part, and vacate and remand on *Jarkesy*.

Regardless, the Motion shows the USCO's means for resolving disputes about a work's originality doesn't square with *Jarkesy*'s constitutional separation-of-powers ruling, *see Jarkesy*, 144 S.Ct. 2117, 2135-38, yet is sufficiently analogous to the SEC dispute process that *Jarkesy* deemed unconstitutional to warrant a vacate-and-remand order.

### b. Seventh Amendment Jury Trials are Warranted per *Jarkesy* for USCO Registration Refusals Based on Originality

The USCO concedes that if a claim is historically "legal in nature," the Seventh Amendment per *Jarkesy* protects a litigant's' jury trial right. *Jarkesy* at 2127-30; Response at 6; *see Dimick v. Schiedt*, 293 U.S. 474, 486 (1935) ("[A]ny seeming curtailment of the right to a jury trial should be scrutinized with the utmost care.").[9]

For Seventh Amendment purposes, the phrase "'suits at common law … [includes] suits in which *legal* rights were to be ascertained and determined[.]" *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 348 (1998) (citation omitted). Copyright actions are historically common lawsuits tried to courts of law

---

[9] Arguments under *Jarkesy* remain available since waiver is inapplicable, *supra* at Sec. III, and constitutional rights were preserved. *E.g.*, ECF 1 at ¶9.

before jurors, 523 U.S. at 348-52; *Wheaton v. Peters*, 33 U.S. (8 Pet.) 591, 654-57 (1834), who decide if copyrights are valid and original. *BUC Int'l Corp. v. Int'l Yacht Council Ltd.,* 489 F.3d 1129, 1151 (11th Cir. 2007) ("[t]he jury's determination that BUC's copyrights were valid was necessarily based on several factual findings, including that BUC's compilation contained original elements of creative authorship"); *Home Legend, LLC v. Mannington Mills, Inc.*, 784 F.3d 1404, 1409 (11th Cir. 2015) ("Whether a work is sufficiently original to warrant copyright protection is a question of fact[ ]" for jury determination); 17 U.S.C. § 410(c) (validity issues' presence in copyright actions). Copyright protection also arises via statute, *id.* at §§ 102(a), 106, 501, 504, and the "[t]he Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis v. Loether*, 415 U.S. 189, 194 (1974); *see* Feltner, 523 U.S. at 355 (Seventh Amendment guarantees a jury trial "on *all* issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act [inclusive, necessarily, of validity and originality]").

Copyright originality controversies are within the above parameters and thereby qualify under *Jarkesy* for Seventh Amendment protection, *supra*, no matter if other statutory schemes aim to relegate them to an agency for determination. *See Murray's Lessee v. Hoboken Land & Improvement Co*., 59 U.S. 272, 18 How. 272,

12

284, 15 L. Ed. 372 (1856) (Constitution prohibits Congress from "withdraw[ing] from judicial cognizance any matter which, from its nature, is the subject of a suit at the common law").

## CONCLUSION

For the foregoing reasons and those in the Motion, the Motion should be granted, the Order and Opinion vacated, and this case remanded for consideration in view of *Loper Bright* and *Jarkesy*.

Dated: November 8, 2024

Respectfully submitted,

**LAW OFFICES OF CARL F. SCHWENKER**

*/s/ Carl F. Schwenker*
Carl F. Schwenker (TX #00788374)
cfslaw@swbell.net
The Parsons House
3807 Duval Street, Suite E
Austin, TX 78751
512.480.8427 – Telephone
512.857.1294 – Facsimile

**SRIPLAW**

*/s/ Joel B. Rothman*
Joel B. Rothman (FL #98220)
joel.rothman@sriplaw.com
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff-Appellant*

# CERTIFICATE OF COMPLIANCE

## Certificate of Compliance with Type-Volume Limit, Typeface Requirements and Type-Style Requirements

1. This filing complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font with one-inch margins.

2. This filing complies with the type-volume limit of Fed. R. App. P. 27(d)(1) and the word limit of Fed. R. App. P 5(c)(1) because this document contains <u>2,587</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).


By: */s/ Carl F. Schwenker*
     Carl F. Schwenker (TX # 00788374)

# CERTIFICATE OF SERVICE

 X   I hereby certify that on <u>November 8, 2024</u> I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

___ I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants: N/A.

      By: */s/ Joel B. Rothman*
          Joel B. Rothman (FL #98220)

# ADDENDUM A
# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to Circuit Rule 28(a)(1) and this Court's Order of May 20, 2024, Appellant Bruce Munro ("Appellant" or "Munro") submits this Certificate as to Parties, Rulings, and Related Cases:

(A) <u>Parties and Amici</u>. The following is a list of all parties, intervenors, and amici before this Court or who appeared before the District Court:

Bruce Munro (plaintiff/appellant);
United Stated Copyright Office (defendant/appellant)
Register of Copyrights (defendant/appellant)

(B) <u>Rulings Under Review</u>. This appeal is from the Order (ECF No. 36) and Memorandum Opinion (ECF No. 37) entered March 18, 2024 by the Honorable U.S. District Court Judge Timothy J. Kelly, U.S. District Court for the District of Columbia, in Case No. 1:22-cv-02909-TJK.

(C) <u>Related Cases</u>. The case on review in this appeal was not previously on review before this or any other court and does not relate to any cases between the same or substantially similar parties.