**[ORAL ARGUMENT SCHEDULED OCTOBER 23, 2025]**

No. 24-5136

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

BRUCE MUNRO,

                Plaintiff-Appellant,

v.

U.S. COPYRIGHT OFFICE and
REGISTER OF COPYRIGHTS,

                Defendants-Appellees.

On Appeal from the United States District Court
for the District of Columbia
(District Court Case No. 1:22-cv-02909-TJK)

**NOTICE OF SUPPLEMENTAL AUTHORITY AND
CONDITIONS AND MODIFIED RELIEF REQUEST
REGARDING APPELLANT'S MOTION TO STAY CASE,
INCLUDING OCTOBER 23 ORAL ARGUMENT, IN VIEW OF CO-
PENDING *PERLMUTTER V. BLANCHE* CASE**

CARL F. SCHWENKER
 *LAW OFFICE OF CARL F. SCHWENKER*
3807 Duval Street, Suite E
Austin, TX 78751
(512) 480-8427
cfslaw@swbell.net

JOEL B. ROTHMAN
*SRIPLAW*
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
(561) 404-4350
joel.rothman@sriplaw.com

*Counsel for Appellant*

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Appellant Bruce Munro ("**Munro**" or "**Appellant**") certifies pursuant to Circuit Rule 28(a)(1) that:[1]

(A) <u>Parties and Amici</u>. The following are all parties, intervenors, and amici before this Court or who appeared before the district court:

Bruce Munro (plaintiff/appellant);
United States Copyright Office (defendant/appellee);
Register of Copyrights (defendant/appellee).[2]

---

[1] This filing adopts the following citation nomenclatures: "**Doc.**" refers to the D.C. Circuit's electronic docket entries; "**JA**" refers to the joint Appendix in this appeal (Doc. # 2104166); "**AOB**" refers to the March 18 corrected Appellant's Opening Brief (Doc. # 2106368); "**BA**" refers to the May 14 Brief for Appellees (Doc. # 2115820); "**RB**" refers to the Appellant's Final Reply Brief (Doc. # 2127851); "**DE**" refers to district court docket entry filing numbers, *see* JA 1- 15, from underlying case No. 1:22-cv-02909-TJK from the U.S. District Court for the District of Columbia; "**ECF**" refers to other district court electronic docket entries. Excepting the Addenda, accompanying page numbers refer to the electronically-applied page numbers applied to each document by the associated electronic filing system.

[2] On May 10, 2025, Register of Copyrights Shira Perlmutter was removed from office and Paul Perkins was appointed acting Register according to the Government. *Perlmutter v. Blanche*, No. 25-cv-1659, ECF No. 7 at 4 (D.D.C. May 26, 2025) (citing ECF No. 2-4, at 1). The Government subsequently submitted its May 14, 2025 Brief for Appellees (Doc. #2115820) in this appeal, but not under its acting Register Perkins' authority. *See* Doc. #2115820 at cover; 17 U.S.C. §§ 410(a), 701(a) (Register has authority over the Copyright Office and registration).

Instead, Copyright Office leadership has been in turmoil since Ms. Perlmutter's removal as office personnel refused to recognize Mr. Perkins' appointment, denied him access to the Copyright Office, and conducted operations on their own. *See* K. Knibbs, *No One is in Charge at the US Copyright Office*, WIRED [online ed.] (June 27, 2025) (discussing ongoing disputes, including between Congress and the Executive Branch, over the holder of the position of (acting) Register and who may properly exercise authority over Copyright Office operations and policy decisions – the President's and purported acting Librarian's designee Mr. Perkins, Ms. Perlmutter, or other Copyright Office personnel – and whether interim Copyright Office decisions and acts are unauthorized and ultra vires as a result of the controversy); *Perlmutter v. Blanche*, No. 25-cv-1659 (D.D.C. 2025) (ongoing dispute's district court docket sheet). It flows from the Government's position in *Perlmutter* that interim operation of the Copyright Office since May 10 by others has been and is without proper authority and ultra vires, as the Government emphasized to this Circuit and its district court that the Copyright Office is under the Executive

(B) <u>Rulings Under Review</u>. The ruling under review is the district court (Kelly, J.) order (JA 201 (DE 36)) and memorandum opinion (JA 202-216 (DE 37)), entered March 18, 2024, granting summary judgment to defendants-appellees. They are available in Westlaw unofficial reports at *Munro v. U.S. Copyright Office*, No. 1:22-cv-02909-TJK, 2024 WL 1156519 (D.D.C. Mar. 18, 2024) but do not yet appear in an official federal reporter.

(C) <u>Related Cases</u>. The case on review in this appeal was not previously on review before this or any other court and does not relate to any cases between the same or substantially similar parties.

---

Branch and Mr. Perkins since May 10 has been its properly appointed acting Register. *See, e.g., Perlmutter v. Blanche*, No. 25-5285 at Doc. # 2135444 (D.C. Cir. Sept. 17, 2025); *Perlmutter v. Blanche*, No. 25-cv-1659, ECF No. 33 at 11-16, 19-36 (D.D.C. June 24, 2025); *compare also* BA 34-35, 54, 58 (asserting the Copyright Office to be positioned in the "Executive Branch" in its and the Register's brief in the present appeal).

Despite being refused reinstatement three times by the district court, on September 10 a divided D.C. Circuit panel temporarily reinstated Ms. Perlmutter as Register (Doc # 2134183), which the Government petitioned for review or en banc review of on September 17 (Doc. # 2135444), which was denied on October 1 (Docs. #2138067 & #2138069), which remains subject to a petition for certiorari to the Supreme Court.

To put it mildly, uncertainty and disagreement – including across all branches of government – has since May 10 enveloped the position of copyright Register, which branch of government it resides in, and who holds that position.

Pertinent to the present appeal (and opponents' authority therein), if the Government prevails in *Perlmutter* then other Copyright Office personnel cannot unilaterally step into or subsume acting Register Perkins' role or authority as that position would not be vacant; thus, such interim actions – including submission of the Brief for Appellees in this appeal and its positions therein on creativity and registrability of Munro's work, *see* BA at cover – are unauthorized, ultra vires, and void. *NLRB v. SW General, Inc.*, 580 U.S. 288, n.2 (2017) (noting the "general rule that actions taken in violation of the F[ederal ]V[acancies ]R[eform ]A[ct] are *void ab initio*") (citing 5 U.S.C. § 3348(e)(1)). Conversely, were Ms. Perlmutter and the panel's position on the Copyright Office residing in the Legislative Branch to prevail, it would undermine Appellees' brief, conflict with assertions therein of the Copyright Office being part of the "Executive Branch" and its reliance on authorities premised on that assertion, *see* BA 34-35, 54, 58, and render constitutionally suspect the Copyright Office's authority and ability to "administer" copyright laws and review and register copyright applications under 17 U.S.C. §§ 410(a), 701(a).

**NOTICE OF SUPPLEMENTAL AUTHORITY AND CONDITIONS
AND MODIFIED RELIEF REQUEST REGARDING APPELLANT'S
MOTION TO STAY CASE, INCLUDING OCTOBER 23 ORAL ARGUMENT,
IN VIEW OF CO-PENDING *PERLMUTTER V. BLANCHE* CASE**

On September 26, 2025, Appellant Bruce Munro ("**Munro**" or "**Appellant**") filed *Appellant's Motion to Stay Case, Including October 23 Oral Argument, in View of Co-Pending Perlmutter v. Blanche Case* (Doc. #2131538, "Motion").

Mr. Munro hereby notifies this Court of the issuance of supplemental authority pertinent to the Motion. On October 1, 2025, this D.C. Circuit Court issued two per curium orders in the co-pending *Perlmutter v. Blanche*, No. 25-5285 (D.C. Cir.) ("***Perlmutter***") case denying the Government's petition for rehearing and its petition for rehearing en banc (which the Court construed as a motion for reconsideration and for reconsideration en banc, respectively) of this Court's September 10, 2025 order. (Docs. #2138067 & #2138069). In view thereof, Mr. Munro modifies the relief requested in the Motion to ask that for the same reasons stated in the Motion that this case and its oral argument be held in abeyance pending the expiration of deadlines for the Government to seek a petition for certiorari to the U.S. Supreme Court in the *Perlmutter v. Blanche* case.

Additionally, appropriations to appellee the U.S. Copyright Office and the Department of Justice, which serves as its counsel in this case (and as Government counsel in the *Perlmutter* case) lapsed on October 1. Opposing counsel stated in an email to undersigned counsel that they and Office personnel are furloughed and as a result "prohibited from working, even on a voluntary basis, except in very limited circumstances," and in view thereof requested an extension, which undersigned

1

counsel indicated it did not oppose, to respond to the underlying Motion (Doc. #2138820). The lapse in appropriations plus Appellees' motion for an extension to respond to Munro's Motion until two days after funding is restored – an uncertain date, *id.*, which reportedly is not likely to soon occur – thus are additional prudential reasons to defer and hold in abeyance oral argument in this case as Appellees' requested deferral of their response date also defers resolution of the Motion for an abeyance itself.

Dated: October 1, 2025

Respectfully submitted,

**LAW OFFICES OF CARL F. SCHWENKER**

*/s/ Carl F. Schwenker*
Carl F. Schwenker (TX #00788374)
cfslaw@swbell.net
The Parsons House
3807 Duval Street, Suite E
Austin, TX 78751
512.480.8427 – Telephone
512.857.1294 – Facsimile

**SRIPLAW**

*/s/ Joel B. Rothman*
Joel B. Rothman (FL #98220)
joel.rothman@sriplaw.com
21301 Powerline Road, Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff-Appellant*

# CERTIFICATE OF COMPLIANCE

**Certificate of Compliance with Type-Volume Limit, Typeface Requirements and Type-Style Requirements**

1. This filing complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 12-point Century Schoolbook font with one-inch margins.

2. This filing complies with the type-volume limit of Fed. R. App. P. 27(d)(1) and word limit of Fed. R. App. P 5(c)(1), because this document contains <u>328</u> words, excluding the parts exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

By:<u>*/s/ Carl F. Schwenker*</u>
Carl F. Schwenker (TX # 00788374)

# CERTIFICATE OF SERVICE

 X   I hereby certify that on <u>October 1, 2025</u> I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

___ I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants: N/A.

    By:<u>*/s/ Joel B. Rothman*</u>
        Joel B. Rothman (FL #98220)