# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 24-5136**                    **September Term, 2025**
                                   FILED ON: JUNE 9, 2026

BRUCE MUNRO,
                    APPELLANT

v.

U.S. COPYRIGHT OFFICE AND REGISTER OF COPYRIGHTS,
                    APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-cv-02909)

———

Before: WALKER and CHILDS, *Circuit Judges*, and ROGERS, *Senior Circuit Judge*

## **J U D G M E N T**

We considered this appeal on the record from the United States District Court for the District of Columbia and the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). We fully considered the issues and determined that a published opinion is unnecessary. *See* D.C. Cir. R. 36(d).

It is hereby **ORDERED** that the judgment of the district court be **AFFIRMED.**

\*    \*    \*

Bruce Munro designed a sculpture that can be loosely described as a filament inserted into a glass orb. Munro then sought a copyright registration for the design. The Copyright Office denied Munro's application and his motions for reconsideration because Munro's "combination and arrangement" of "common and familiar shapes" lacks "the requisite amount of creativity." JA 166.

Munro sought review in the district court under the Administrative Procedure Act. The district court concluded that the Office did not abuse its discretion when the Office found that the sculpture is insufficiently creative to warrant copyright protection. *See id.*, JA 202–216. Munro appealed.

We review the district court's grant of summary judgment de novo and the Office's refusal to register a copyright for abuse of discretion.   *See Atari Games Corp. v. Oman*, 888 F.2d 878, 881 (D.C. Cir. 1989); *see also OddzOn Products, Inc. v. Oman*, 924 F.2d 346, 348 (D.C. Cir. 1991).

For the following reasons, we affirm.

As a preliminary matter, Munro raises multiple arguments on appeal that he did not raise in the district court.   They include his arguments against the validity of the creativity requirement in 37 C.F.R. § 202.10(a), against the constitutionality of the agency's administrative appeal procedures, and against various judicial standards of review.

Munro asks us to excuse the forfeiture because the Supreme Court issued its decision in *Securities and Exchange Commission v. Jarkesy*, 144 S. Ct. 2117, 2127–28 (2024), during this appeal, and Munro wishes to make arguments similar to Jarkesy's.   But even before the briefing for summary judgment began in this case, the Fifth Circuit had already ruled in favor of Jarkesy.   *See* Appellee Br. 42; *see Jarkesy v. Securities and Exchange Commission*, 34 F.4th 446, 449–50 (5th Cir. 2022); *see also Securities and Exchange Commission v. Jarkesy*, 144 S. Ct. 2117, 2135 (2024) (stating that *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), "effectively decides this case").   So, by then, Munro had enough notice to raise the *Jarkesy* arguments he raises now on appeal.

As to the merits of Munro's preserved arguments, we agree with the district court.   The Office reasonably explained that "a combination of unprotectable elements" can merit protection "only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship," quoting *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003)).   And the Office did not abuse its discretion when it found that Munro's design does not meet that standard.   JA 198–200; *see also Munro v. United States Copyright Office*, No. 22-2909, 2024 WL 1156519, at *5 (D.D.C. Mar. 18, 2024).

Munro says we should remand his case so that the district court can apply *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2263, 2272–73 (2024), which like *Jarkesy* was decided after Munro's appeal.   But *Loper Bright* told courts how to interpret ambiguous statutes, and Munro's case isn't about an ambiguous statute.   *See id.* at 2272–73.   *Loper Bright* does not help a litigant, like Munro, challenging the application of undisputed legal principles to the unique facts of his case.   *See Darden v. Peters*, 488 F.3d 277, 284 (4th Cir. 2007).

Finally, in his reply brief, Munro asserts in a footnote that subordinate officials acted *ultra vires* by filing their May 14, 2025 brief after Register of Copyrights Shira Perlmutter's removal "but not under acting Register Perkins' authority."   Appellant's Reply Br. at ii n.1.   We need not address this claim because counsel on the Appellees' brief is Leif Overvold, an attorney in the Department of Justice, not an attorney in the Copyright Office.

We **AFFIRM** the judgment of the district court.

\*    \*    \*

This disposition is unpublished. *See* D.C. Cir. R. 36(d). We direct the Clerk to withhold this mandate until seven days after the resolution of a timely petition for panel or en banc rehearing. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**Per Curiam**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:    /s/

Daniel J. Reidy
Deputy Clerk